UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA ANNE LEWANDOWSKI-FARR,

                      Plaintiff,           Case No. 12-12753
                                        Honorable Paul D. Borman
                                        Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                      Defendant.
_____/

**REPORT AND RECOMMENDATION
ON MOTION FOR ATTORNEY'S FEES [29]**

**I.     REPORT**

     **A.     Background**

     Plaintiff Jessica Anne Lewandowski-Farr filed a complaint, appealing the administrative

determination denying her social security disability insurance benefits, on June 22, 2012.  (Doc.

#1).   Defendant Commissioner of Social Security filed an answer and the administrative

transcript on August 27, 2012, and August 28, 2012, respectively.  (Doc. #8-14).  Plaintiff timely

filed her motion for summary judgment on November 13, 2012.  (Doc. #24).  On February 7,

2013, the court entered the parties' stipulated order reversing the Commissioner's decision and

remanding the matter for further administrative proceedings pursuant to sentence four of 42

U.S.C. §405(g).  (Doc. #28).

     On March 4, 2013, Plaintiff timely filed a motion requesting an award of $5,518.00 in

attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.  (Doc.

#29).  The Commissioner did not respond to Plaintiff's motion or otherwise oppose the relief

requested.  On March 4, 2013, the court referred Plaintiff's motion to the undersigned for a

report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  (Doc. #30).

### B.    Analysis

*1.    Plaintiff is Entitled to an Award of EAJA Attorney's Fees*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … including proceedings for judicial review of agency action, brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).  The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA:  (1) the claimant must be the prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees.  *See Marshall v. Commissioner of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

With respect to the first condition, the United States Supreme Court has held that a party who obtains a sentence four remand is a prevailing party eligible for a judgment awarding attorney's fees under the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1992).  Since Plaintiff in this case obtained a sentence four remand, this condition has been met.

With respect to the second and third conditions, the Commissioner offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified.  *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004); *accord Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006).  Therefore, Plaintiff is entitled to an award of attorney's fees under the EAJA.

*2.    Amount of Attorney's Fees*

Attorney's fees claimed under the EAJA must be reasonable.  *See Glass v. Secretary of*

*Health and Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987).  As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.* at 433.  In *Glass*, the Sixth Circuit recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."  *Glass*, 822 F.2d at 21 (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)).

With respect to the hours claimed, the EAJA requires "an itemized statement from [the] attorney … representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. §2412(d)(1)(B). Plaintiff's counsel submitted such an itemized statement, indicating that although he expended 37.1 hours in this matter, he is seeking compensation for only 31.0 hours of work at the rate of $178 per hour.  (Doc. #29 at Ex. 1).  The Commissioner has not challenged the hours expended by Plaintiff's counsel, and the court finds that these hours have been adequately documented and are reasonable for a case such as this and given the result achieved by that work.

As for the $178 hourly rate requested by Plaintiff, the statutory maximum rate is $125 per hour, "unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee."  28 U.S.C. §2412(d)(2)(A).  Courts have recognized, however, that although the EAJA generally caps the hourly rate for attorney's fees at $125 per hour, the "statutory rate is a ceiling and not a floor."  *Chipman v. Secretary of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).

Here, Plaintiff seeks to recover at a rate of $178 per hour, significantly above the statutory cap.  The Supreme Court has determined that the statutory $125 per hour caps applies

"in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). In this case, the court concludes that the rate requested by Plaintiff's counsel is reasonable. Plaintiff has asserted, with citation to the Consumer Price Index prepared by the Bureau of Labor and Statistics, that $178 is a reasonable hourly rate, based on the $125 per hour rate authorized by the EAJA with an appropriate cost of living enhancement. (Doc. #29 at 1). The Commissioner has not opposed the rate requested by Plaintiff, and, as Plaintiff notes in her motion, other courts in this district have approved EAJA rates as high as $182.75. (*Id.* at 2 (citing *Grimsley v. Astrue*, 2012 WL 2031249, at *2 (E.D. Mich. June 6, 2012)). Thus, this court finds that a rate of $178 per hour is reasonable in this case. Multiplying the 31.0 hours counsel expended by the $178 hourly rate yields a total of $5,518.00 in attorney's fees. Thus, Plaintiff is entitled to an award of EAJA fees in this amount.

## II.    RECOMMENDATION

For the foregoing reasons, the court **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees [29] be **GRANTED** and that Plaintiff[1] be awarded attorney's fees in the total amount of $5,518.00, representing 31.0 hours of attorney time at the rate of $178 per hour.


Dated: April 10, 2013                                  s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                             United States Magistrate Judge

---

[1] Although the proposed order submitted with Plaintiff's motion (Doc. #29 at Ex. 2) asks that the EAJA award be made payable to Plaintiff's attorney, the EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. §2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in Plaintiff's favor. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2528 (2010). Any fee agreement between Plaintiff and her attorney is not part of this case.

## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2013.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager