UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA ANNE LEWANDOWSKI-FARR,

                 Plaintiff,           Civil Action No. 12-12753
                                            Honorable Paul D. Borman
                                            Magistrate Judge David R. Grand

v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
_____/

**REPORT AND RECOMMENDATION ON MOTION**
**FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. §406(b) [33]**

## I.    REPORT

### A.    Procedural History

On June 22, 2012, Plaintiff Jessica Anne Lewandowski-Farr filed suit against the Commissioner of Social Security challenging the Commissioner's final decision denying her application for Disability Insurance Benefits. [1]. On February 7, 2013, pursuant to the parties' stipulation, the District Court remanded the case to the ALJ for further evaluation. [28]. On March 4, 2013, Plaintiff's attorney, David Chermol, filed an application for attorney's fees under the Equal Access to Justice Act ("EAJA"). [29]. On July 2, 2013, the District Court adopted the undersigned's report and recommendation granting Mr. Chermol's application and awarding $5,518 in attorney's fees pursuant to the EAJA. [32].

Plaintiff subsequently prevailed on remand, and the Commissioner's Office of Central Operations issued a Notice of Award, dated May 26, 2014, awarding Plaintiff $52,883.00 in past-due benefits. [33 at Ex. A]. On May 30, 2014, Mr. Chermol filed the instant motion indicating that, pursuant to the terms of both 42 U.S.C. §406(b) and the applicable fee

agreement, he was entitled to attorney's fees in the amount of 25% of Plaintiff's past-due benefits ($13,220.75). [33 at ¶5]. Because Plaintiff's administrative counsel had been paid $6,000.00, however, Mr. Chermol indicated that he is seeking only $7,220.75 in §406(b) fees ($13,220.75 less the $6,000.00 already paid to administrative counsel). [*Id.*]. Mr. Chermol further indicated that upon payment of the §406(b) fees, he would refund the EAJA fee amount of $5,518.00 directly to Plaintiff. [*Id.* at ¶6]. In his motion, Mr. Chermol asserts that he obtained a favorable decision for his client and is therefore entitled to a reasonable fee for his work in accordance with the fee agreement he and Plaintiff executed, and pursuant to 42 U.S.C. §406(b). [*Id.* at ¶¶11-15]. The Commissioner did not file any objection or other response to Mr. Chermol's request.

### B.      Analysis

42 U.S.C. §406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney fees are subject to the condition that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). In the event the attorney has already received an EAJA award and subsequently seeks an award under §406(b), the attorney must return the smaller of the two awards to the plaintiff. *See Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

Mr. Chermol is requesting $7,220.75 in attorney fees, which represents 25% of the past due benefits awarded to Plaintiff ($13,320.75), less the $6,000.00 paid to administrative counsel. Mr. Chermol has submitted a fee agreement, signed by both himself and his client, in which Plaintiff specifically acknowledges that an attorney who successfully represented her in court

2

may be awarded a reasonable fee, not in excess of 25% of her past due benefits.  [33 at Ex. B]

Contingent fee arrangements are allowed under the Social Security Act.  In fact, an "agreement for a 25% fee, the maximum permitted under §206(b) of the Social Security Act, 42 U.S.C. §406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates.  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)).  The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others."  *Id.* (quoting *Royzer,* 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriquez*, 865 F.2d at 746.  Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In this case, there is no suggestion that Mr. Chermol behaved improperly or was ineffective.  Nor does it appear that awarding the total fee requested would amount in a windfall.  Mr. Chermol has submitted a full log of his activities on Plaintiff's behalf, which shows a total of 37.1 hours spent on the case.  [33 at Ex. C].  Given that the total award requested is $7,220.75, the effective hourly rate would be approximately $195.00.  Awards using higher rates than this have been deemed reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625

3

per hour for §406(b) fees); *Karadsheh v. Comm'r of Soc. Sec.*, 2011 WL 5041366, at *3 (W.D.

Mich. Sept. 26, 2011) (approving a contingency rate of $360 per hour for §406(b) fees).

    Moreover, in assessing a fee determination, courts have found it useful, although not

necessary, to consider the defendant's position as to the reasonableness of the requested fee

award. *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983).

In this case, the Commissioner has not objected to the requested fee award or challenged it in any

respect.

## II.     RECOMMENDATION

    For the foregoing reasons, **IT IS RECOMMENDED** that Mr. Chermol's motion for

attorney fees under 42 U.S.C. §406(b) **[33]** be **GRANTED** and that attorney fees be awarded to

him in the amount of $7,220.75, provided that he refund the amount previously awarded under

the EAJA ($5,518.00) to Plaintiff.


Dated: July 30, 2014                          s/  David R. Grand
                                              DAVID R. GRAND
                                              UNITED STATES MAGISTRATE JUDGE


## <u>NOTICE</u>

    The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947, 949–50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail

to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to

E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.


<u>**CERTIFICATE OF SERVICE**</u>

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2014.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
